**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

NING LU,

      Plaintiff - Appellant,

v.

EVELYN KENDALL, Deputy Director,
Shawnee County Juvenile Detention
Center; ANGELA MCHARDIE;
JONATHAN THUMMEL; RICHARD
KLINE; BRETT FISHER; KATHERINE
RUCKER; RON LAWSON; JAMES
CROWL; CANAN ARMAY; SHELLY
BUHLER, Shawnee County
Commissioner; DEREK SCHMIDT,
Kansas Attorney General,

      Defendants - Appellees.

No. 13-3291
(D.C. No. 2:13-CV-02080-KHV-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Ning Lu, proceeding pro se, appeals the district court's dismissal of her employment discrimination claim against ten individuals affiliated with Shawnee County, Kansas (the "Shawnee County defendants") and Kansas Attorney General Derek Schmidt. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Lu was employed as a Corrections Specialist with the Shawnee County Juvenile Detention Center prior to her termination in May 2012. She filed an internal grievance challenging the termination, which was denied on June 21, 2012. Lu then filed charges of discrimination with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on her race, color, and age. She identified the "Shawnee County Adult D.C. and Juven[ile Detention Center]" as the discriminating employer. The EEOC sent her a right-to-sue letter.

On February 13, 2013, Lu filed both a "Civil Complaint" and an "Employment Discrimination Complaint" with the district court, alleging discrimination based on her race, national origin, disability, and age under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et

-2-

seq. The "Civil Complaint" names all of the eleven individual defendants. Attachments to the complaints refer to three instances of alleged discrimination: (1) a written reprimand in connection with an incident on December 12, 2011; (2) a suspension without pay after an incident on March 3, 2012; and (3) her termination on May 9, 2012, following another incident on May 1, 2012. Lu also alleges that she sustained an injury during a training session on January 10, 2012.

The district court issued a memorandum and order dismissing the case. The court granted Schmidt's motion to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), on the ground that he was not Lu's employer and "had nothing to do with plaintiff's hiring, supervision or termination." It granted the remaining defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Lu failed to exhaust her administrative remedies against them. Judgment was entered on November 15, 2013. Lu filed a notice of appeal on November 18, 2013, which was abated until a pending motion, construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), was denied on December 10, 2013.

## II

This court reviews de novo dismissals by the district court pursuant to both Rule

12(b)(1) and 12(b)(6).[1] Colo. Envtl. Coal. v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004). On appeal, Lu simply reasserts that she suffered employment discrimination, summarily claiming that the district court applied the wrong law and ignored the facts she presented. This is insufficient to challenge the district court's determination. "To make a sufficient argument on appeal, a party must advance a reasoned argument concerning each ground of the appeal, and it must support its argument with legal authority." Rios v. Ziglar, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) (citation omitted). Because Lu is proceeding pro se, we construe her filings liberally but "we do not assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

We conclude that the dismissal was appropriate. Lu provides no support for the assertion in her complaint that Schmidt "is the government of Shawnee County." The district court correctly determined that because Kansas counties are self-governing, see Weber v. Bd. of Cnty. Comm'rs, 221 P.3d 1094, 1101 (Kan. 2009), Schmidt was not involved in Lu's employment and she failed to state a claim against him. On appeal, Lu's

[1] Lu did not amend her notice of appeal after the district court denied her motion to alter or amend the judgment, and thus that order is not at issue on appeal. See Fed. R. App. P. 4(a)(4)(B)(ii); see also Vanderwerf v. SmithKline Beecham Corp., 603 F.3d 842, 845 (10th Cir. 2010) ("Compliance with filing requirements is mandatory and jurisdictional." (quotation omitted)).

only mention of her claims against Schmidt is her statement that he did not present information pertinent to her employment and that any testimony he offered was unsupported.

Lu likewise makes no argument challenging the district court's ruling that it lacked subject matter jurisdiction over the Shawnee County defendants for failure to exhaust administrative remedies.  See Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012) ("Under both Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit."); Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) ("[A] plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA.").  The district court granted these defendants' Rule 12(b)(1) motion to dismiss because Lu:  (1) did not include a disability claim in her charges of discrimination filed with the KHRC and the EEOC, and thus that claim was not exhausted; and (2) failed to name the defendants as respondents in her charges, Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999) ("As a general rule, a plaintiff must file a charge against a party with the EEOC before she can sue that party under Title VII."); Shikles, 426 F.3d at 1317 ("[T]he ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges . . . .").  The court held that Lu failed to demonstrate sufficient identity of interest between the unnamed parties and the respondent named in the charges to excuse this omission.  See Knowlton, 189 F.3d at 1185.  We see no error in the district court's conclusions and Lu

-5-

provides no meritorious argument to the contrary.[2]

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Lu also submitted a document captioned as a "Memorandum," which we construe as a second motion for appointment of counsel.  The motion is **DENIED**.